IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THE JOINT COMMISSION ON ACCREDITATION OF HEALTHCARE ORGANIZATIONS,** | )<br>)<br>)<br>) **JURY DEMAND** |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| **THE GREELEY COMPANY, INC. and FORTIS BUSINESS MEDIA LLC d/b/a BLR – BUSINESS & LEGAL RESOURCES,** | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, The Joint Commission on Accreditation of Healthcare Organizations ("Plaintiff" or "The Joint Commission"), alleges:

**Nature Of Action, Parties, And Jurisdiction**

1. This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*.

2. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1332, and 1338. The matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

3. The Joint Commission is an Illinois not-for-profit corporation with its principal place of business at One Renaissance Boulevard, Oakbrook Terrace, Illinois 60181, within this judicial district. The Joint Commission is a nationally-recognized accreditation and certification program for more than 20,000 health care organizations and programs in the United States. Its mission is to improve health care for the public by, among other things, evaluating health care

organizations and inspiring them to excel in providing safe and effective care of the highest quality and value.

4. Joint Commission Resources, Inc. ("JCR") is an Illinois not-for-profit corporation with its principal place of business at One Renaissance Boulevard, Oakbrook Terrace, Illinois 60181, within this judicial district. JCR has the exclusive right to carry out The Joint Commission's education, publication, and accreditation preparation functions, as they pertain to improving patient safety and quality of care in the health care environment. JCR has the right, from The Joint Commission, to (among other things) copy, sell, distribute, and publish materials owned by The Joint Commission.

5. The Joint Commission is the sole Member of JCR and wholly controls JCR.

6. The Joint Commission, through JCR and otherwise, licenses its copyrighted works to third parties who pay licensing fees to exercise some or all of the rights owned by The Joint Commission, including (for example) reproducing the works, preparing derivative works, distributing copies of the works, publicly performing the works, and publicly displaying the works.

7. On information and belief, defendant The Greeley Company, Inc. is a Delaware corporation with its principal place of business at 75 Sylvan Street, Suite A 101, Danvers, Massachusetts 02110. On information and belief, prior to a name change on November 4, 2013, The Greeley Company was known as HCPro, Inc. (Hereinafter, The Greeley Company, Inc. and HCPro, Inc. are collectively referred to as "Greeley.") On information and belief, Greeley, through its agents and representatives: has done, and is doing, business in this judicial district; has and is engaged in acts and/or omissions within this judicial district causing injury to Plaintiff; and has and is engaged in acts outside of this judicial district causing injury to Plaintiff within

this judicial district. Thus, Greeley has, and has had, minimum contacts with this judicial district such that the Court has personal jurisdiction over Greeley.

8. On information and belief, defendant Fortis Business Media LLC d/b/a BLR – Business & Legal Resources ("Fortis") is a Delaware limited liability company with its principal place of business at 100 Winners Circle, Suite 300, Brentwood, Tennessee 37027. On information and belief, Fortis, through its agents and representatives: has done, and is doing, business in this judicial district; has and is engaged in acts and/or omissions within this judicial district causing injury to Plaintiff; and has and is engaged in acts outside of this judicial district causing injury to Plaintiff within this judicial district. Thus, Fortis has, and has had, minimum contacts with this judicial district such that the Court has personal jurisdiction over Fortis. (Greeley and Fortis are together referred to as "Defendants.")

## Copyright Infringement, 17 U.S.C. §§ 106 and 501

9. In 2009, The Joint Commission authored and published a document entitled "2009 Comprehensive Accreditation Manual for Hospitals, Update 2" (hereinafter, "2009 Work"). (Exh. A.)

10. The 2009 Work consists of two sections. The first section is presented under the heading "Requirements for Accreditation." Each chapter in that section addresses a discrete issue in evaluating health care organizations' compliance with The Joint Commission's requirements. For example, the chapter entitled "Infection Prevention and Control" explains what health care organizations need for developing and maintaining a systematic infection prevention and control program. (*See* Exh. A, pp. IC-1 through IC-14.) The chapter entitled "Medication Management" provides a framework for an effective and safe medication management system. (*See* Exh. A, pp. MM-1 through MM-24.) The chapter entitled "Transplant Safety" explains how to develop and

implement policies and procedures for safe organ and tissue donation, procurement, and transplantation. (*See* Exh. A, pp. TS-1 through TS-12.)

11. The second section of the 2009 Work is presented under the heading "Policies, Procedures, and Other Information." Each chapter in that section explains the processes by which The Joint Commission assesses health care organizations' compliance with its requirements and explains various accreditation outcomes depending on the organizations' performance.

12. The 2009 Work, in its individual chapters and as a whole, expresses and reflects The Joint Commission's expertise, experience, and judgment on its accreditation services.

13. The 2009 Work is an original work of authorship entitled to the full protection of the Copyright Laws, 17 U.S.C. §§ 101 *et seq*.

14. On June 3, 2015, the U.S. Copyright Office issued Copyright Registration No. TX 8-150-144 for the 2009 Work to the Joint Commission. (Exh. B.)

15. The Joint Commission, through JCR and otherwise, has licensed all of portions of the text and artwork in the 2009 Work to third parties who pay licensing fees to (for example) reproduce all of portions of the Work, prepare derivative works based on all of portions of the Work, distribute copies of all of portions of the Work, publicly perform all of portions of the Work, and/or publicly display all of portions of the Work.

16. Defendants do not have, and have never had, any license, authorization permission or consent from Plaintiff to reproduce, distribute, publicly perform, publicly display, or prepare derivative works based on the Work.

17. Nevertheless, Defendants have reproduced, distributed, publicly performed, publicly displayed, and/or prepared materials that are copies, or substantially similar to, and/or derivative of the Work.

18. For example, and without limitation, Defendants have reproduced and distributed:

   a. *Chapter Leader's Guide to Provision of Care* (2012 ed.) (Exh. C);

   b. *Chapter Leader's Guide to Infection Control* (2012 ed.) (Exh. D);

   c. *Chapter Leader's Guide to Information Management* (2012 ed.) (Exh. E);

   d. *Chapter Leader's Guide to Life Safety*, Second Edition (2013 ed.) (Exh. F);

   e. *Chapter Leader's Guide to Human Resources* (2012 ed.) (Exh. G); and

   f. *Verify and Comply: Credentialing and Medical Staff Standards Crosswalk*, Sixth Edition (2014 ed.) (Exhs. H1 and H2. The Exhibit has been split in two to meet the Court's e-filing size requirement.)

19. Each publication identified immediately above includes text that has been copied from, is substantially similar to, and/or is derivative of the 2009 Work. The substantial similarity is evidenced by, among other things, Defendants' pervasive and systematic copying and/or paraphrasing of the Work, including the manner in which The Joint Commission has chosen to present its Work structurally, as a matter of (without limitation) comprehensive nonliteral similarity and/or fragmented literal similarity. Representative examples showing the correlation between the Work and the infringing portions of each of the indicated publications is shown in Exh. I.

20. On information and belief, Defendants have reproduced and distributed the aforementioned publications continuously since at least as early as shown below:

a. *Chapter Leader's Guide to Provision of Care* (2012 ed.): continuously since 2012;

b. *Chapter Leader's Guide to Infection Control* (2012 ed.): continuously since 2012;

c. *Chapter Leader's Guide to Information Management* (2012 ed.): continuously since 2012;

d. *Chapter Leader's Guide to Life Safety,* Second Edition (2013 ed.): continuously since 2013;

e. *Chapter Leader's Guide to Human Resources* (2012 ed.): continuously since 2012; and

f. Verify and Comply: Credentialing and Medical Staff Standards Crosswalk, Sixth Edition: continuously since 2014.

21. On information and belief, Defendants currently reproduce and distribute each of the aforementioned publications, as shown by the website printouts for the publications dated April 26, 2016, collected at Exh. J.

22. Defendants have financially profited from their aforementioned acts.

23. Defendants' aforesaid acts constitute infringement under 17 U.S.C. § 501 *et seq.*, as violating the exclusive rights granted by 17 U.S.C. § 106.

24. Defendants have engaged in the aforesaid acts of infringement for their own commercial and financial benefit and have failed to compensate Plaintiff for Defendants' infringing acts.

25. Defendants' acts of infringement have been willful, intentional, and purposeful in that, among other things, Defendants had access to the Work before engaging in their unlawful acts, and had knowledge of The Joint Commission's copyrights therein, thus evidencing

Defendants' intentional disregard of, and indifference to, The Joint Commission's rights. Moreover, Defendants continued their acts of infringement after The Joint Commission put the Defendants on notice of The Joint Commission's claims and demanded that Defendants cease their infringing conduct. Defendants failed to do so and instead, continued to reproduce, distribute, publicly perform, publicly display, and/or prepare materials that are copies, or substantially similar to, and/or derivative of the Work.

26. As a direct and proximate result of Defendants' intentionally infringing conduct, Plaintiff has lost revenues and profits and has sustained damage to its goodwill among customers and potential customers.

27. As a direct and proximate result of Defendants' intentional infringing conduct, Defendants have been unjustly enriched and Plaintiff is entitled to Defendants' profits attributable to the infringement, including an account of, and a constructive trust with respect to, such profits.

28. As a direct and proximate result of Defendants' intentionally infringing conduct, Plaintiff is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. §505 and/or otherwise according to law.

29. Unless preliminarily and permanently enjoined by this Court, Defendants will continue their unlawful conduct and will cause Plaintiff to suffer additional harm, financial and otherwise (including irreparable harm). Absent preliminary and permanent injunctive relief, Plaintiff does not have an adequate remedy at law to redress the injuries that Defendants' wrongful conduct has caused and will continue to cause.

30. Plaintiff demands a trial by jury on all issues so triable.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for the following relief against Greeley and Fortis, individually and collectively:

A. For a finding that Defendants have willfully infringed The Joint Commission's copyrights in the Work.

B. For Plaintiff's actual damages, direct and indirect, in such amount as may be found, as recoverable under the Copyright Act or otherwise permitted by law.

C. For an accounting of, and the imposition of a constructive trust with respect to, Defendants' profits attributable to their infringing activities.

D. For statutory damages, as recoverable under the Copyright Act.

E. For preliminary and permanent injunctive relief prohibiting Defendants, and all persons acting in concert or participation with them, including their respective agents, servants, employees, officers, successors, licensees, assigns, and distributors, from directly or indirectly infringing The Joint Commission's copyrights and from marketing, offering, selling, disposing of, licensing, leasing, transferring, using, displaying, distributing, advertising, offering for sale, reproducing or having reproduced for its benefit, developing, or manufacturing any works derived or copied from the Work, or from participating or assisting in any such activity.

F. For an order requiring that Defendants deliver to Plaintiff for impoundment and/or destruction any and all originals, copies, facsimiles, or duplicates of the copyrighted and/or infringing works in Defendants' possession, custody, or control.

G. For an order requiring that Defendants recall from all third parties known to Defendants any originals, copies, facsimiles, or duplicates of any works that infringe The Joint Commission's copyrights and to deliver to Plaintiff for destruction all such works.

H. That Defendants be required to file with the Court and to serve on Plaintiff, within 30 days after entry of an appropriate order, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order.

I. An award of each Plaintiff's attorneys' fees, costs, and disbursements in this action.

J. For prejudgment interest on any award from this action.

K. For such other, further, and different relief as the Court deems proper under the circumstances.

> */s/ John Gabrielides*
> John T. Gabrielides (IL Bar No. 6198323)
> jgabrielides@btlaw.com
> Genevieve E. Charlton (IL Bar No. 6312219)
> gcharlton@btlaw.com
> Barnes & Thornburg LLP
> One N. Wacker Drive, Suite 4400
> Chicago, IL 60606
> (312) 357-1313
>
> Attorneys for Plaintiff